UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **KRYSTAL CHEATHAM** <br> c/o Rittgers & Rittgers <br> 12 E. Warren Street <br> Lebanon, OH 45036, <br><br> Plaintiff <br><br> v. <br><br> **CEDAR FAIR LP dba CEDAR FAIR ENTERTAINMENT, INC. AND/OR KINGS ISLAND** <br> **SERVE:** RICHARD L KINZEL <br> ONE CAUSEWAY DR <br> SANDUSKY, OH 44870 <br> **and** <br><br> **SERVE**: CEDAR FAIR, L.P. <br> ONE CEDAR POINT DRIVE <br> SANDUSKY, OH 44870 <br><br> **and** <br><br> **CURT VANWAGNER,** <br> *In his official capacity* <br> **KINGS ISLAND PARK POLICE** <br> 6300 Kings Island Drive <br> P. O. Box 901 <br> Kings Island, OH 45034 <br><br> **and** <br><br> **ELAYNA SLEESMAN** <br> c/o Kings Island Security Department <br> 6300 Kings Island Drive <br> P. O. Box 901 <br> Kings Island, OH 45034 <br><br> **and** | Case No.: 1:14-cv-388 <br><br> Judge: <br><br> **COMPLAINT AND JURY DEMAND** |

|  |  |
|---|---|
| **CHARLES HARBIN** | : |
| **c/o Kings Island Security Department** | : |
| **6300 Kings Island Drive** | : |
| **P. O. Box 901** | : |
| **Kings Island, OH  45034** | : |
|  | : |
| and | : |
|  | : |
| **THOMAS BRILL** | : |
| **c/o Kings Island Security Department** | : |
| **6300 Kings Island Drive** | : |
| **P. O. Box 901** | : |
| **Kings Island, OH  45034** | : |
|  | : |
| and | : |
|  | : |
| **JOSHUA GINN** | : |
| **c/o Kings Island Security Department** | : |
| **6300 Kings Island Drive** | : |
| **P. O. Box 901** | : |
| **Kings Island, OH  45034** | : |
|  | : |
| and | : |
|  | : |
| **ADAM FEATHERLING** | : |
| **c/o Kings Island Security Department** | : |
| **6300 Kings Island Drive** | : |
| **P. O. Box 901** | : |
| **Kings Island, OH  45034** | : |
|  | : |
| **Defendants.** | : |

## I.     PRELIMINARY STATEMENT

1.     On Saturday July 20, 2013, Kings Island Park officers filed a criminal complaint for Assault against Plaintiff Krystal Cheatham.  At that time, Kings Island Park officers were aware the complaint would cause Plaintiff Cheatham to be placed in jail without bond and without the ability to be presented before a magistrate or judge until at least Monday July 22, 2013. Plaintiff Cheatham was twenty-one years old and visiting Kings Island with her boyfriend Pablo

Rodriquez.  Around 5:30 P.M. an incident occurred whereby Plaintiff Cheatham was accused of knowingly slapping an eight year old girl named Peyton Weddle.  Plaintiff Cheatham denied she had seen Peyton Weddle prior to making contact with her and denied intentionally making contact with Peyton Weddle.  Two witness statements confirmed Plaintiff Cheatham's version of the incident.  The incident was captured on Kings Island surveillance which also confirmed Plaintiff Cheatham's statement.  Kings Island Park officers, however, consciously chose not to review the video footage prior to Plaintiff Cheatham being arrested, taken away in handcuffs, and booked into jail. Plaintiff Cheatham was in jail without bond for two days.  She was forced to post bond, pay $4,200 in criminal defense attorney fees, and made multiple trips back to Ohio to fight the charge against her.  At one hearing in the criminal case, Defendant Sleesman, who is a Kings Island security officer, testified that she failed to write in her report that Plaintiff Cheatham did not see Peyton Weddle prior to making contact with her.  Defendant Sleesman further testified that she did not know the elements that constituted the crime of Assault.  Defendant Harbin, who is a Kings Island security officer, testified that he decided not to watch any surveillance video prior to Plaintiff Cheatham's arrest.  All charges against Plaintiff Cheatham were subsequently dismissed.  The Kings Island Park officers who were involved in this incident were not fired, reprimanded, or formally punished.  Plaintiff Cheatham brings this case in order to secure fair compensation and to prevent future abuse by the Defendants.

## II. JURISDICTION

The jurisdiction of this Court is proper under 28 U.S.C. § 1331 of the United States Code which provides this Court with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. Furthermore, 28 U.S.C. § 1331 of the United States Code confers jurisdiction upon this Court in actions authorized by 42 U.S.C. § 1983 against defendants acting under color of state law.

## III. THE PARTIES

2. Plaintiff Krystal Cheatham is a resident of Indianapolis, Indiana and an Indiana citizen.

3. Defendant Kings Island is a subsidiary of Cedar Fair LP, an Ohio Corporation with a primary place of business in Warren County, Ohio.

4. Defendant Curt VanWagner was at all times relevant to this action the Chief of the Kings Island Park Police and acted under color of law. He is sued in his official capacity.

5. Defendants Charles Harbin, Eleayna Sleesman, Thomas Brill, Joshua Ginn, and Adam Featherling (hereinafter "Defendant Officers," collectively) were employed by Defendant Kings Island as security officers and acting under color of law at all times relevant to this action. Each is sued in his or her official and individual capacity.

## IV. FACTS

6. On or about July 20, 2013, Plaintiff Cheatham was at Kings Island, an amusement park in Warren County in the State of Ohio.

7. Near the entrance of Kings Island, eight year old Peyton Weddle inadvertently made contact with the backside of Plaintiff Cheatham.

8. The contact from Peyton Weddle caused Plaintiff Cheatham to lunge forward.

9. In an attempt to regain her balance, Plaintiff Cheatham reached back and accidently made contact with Peyton Weddle.

10. The incident described in paragraphs 6 through 9 above were captured on Kings Island security video footage.

11. Plaintiff Cheatham did not see Peyton Weddle until after she turned around and made contact.

12. Immediately after the incident Peyton Weddle's Father, Shaun Weddle, looked at Plaintiff Cheatham and said "Are you fucking stupid?"

13. After Mr. Weddle's statement to Plaintiff Cheatham, a verbal altercation occurred between Mr. Weddle and Plaintiff Cheatham's boyfriend, Pablo Rodriquez.

14. As a result of the altercation, Defendant Sleesman, who claimed to witness the entire incident, issued a signal 4 code 1 and Defendant Featherling and Defendant Ginn became involved in the investigation.

15. The Defendants knew Plaintiff Cheatham would be held in jail without bond for multiple days.

16. A Kings Island Officer can be heard on the Kings Island security video and audio recording telling the Weddle family "She has no bond. She is not getting out this weekend. She is going to stay in there."

17. Ultimately, Plaintiff Cheatham was charged with Assault under § 537.03A of the Mason Municipal Code.

18. Plaintiff Cheatham was taken to jail where she stayed for two days without bond.

### Race of Parties and Witnesses

19. Peyton Weddle and her family are Caucasian.

20. The Kings Island Officers involved in this arrest are Caucasian.

21. Plaintiff Cheatham is African American.

22. Pablo Rodriquez is Puerto Rican.

### Actual Facts in Contrast to Reported Facts which Led to Arrest

23. After the incident, Plaintiff Cheatham, the Weddle family, Pablo Rodriquez and Chris Hutchinson were taken to the security office to write witness statements.

24. Plaintiff Cheatham, Pablo Rodriquez and Chris Hutchinson each wrote a separate statement.

25. Plaintiff Cheatham, Pablo Rodriquez and Chris Hutchinson each stated that Plaintiff Cheatham had accidently or mistakenly struck Peyton Weddle.

26. Defendant Sleesman claimed to have witnessed the incident and stated that Plaintiff Cheatham "turned around with an open hand and made contact with the right side of the juvenile's face."

27. Defendant Sleesman's statement, in full, indicates that Plaintiff Cheatham saw Peyton Weddle and intentionally assaulted her.

28. On July 20, 2013, the date Plaintiff Cheatham was arrested Defendant Sleesman did not state that the contact was made accidently.

29. On July 20, 2013, Defendant Sleesman did not state that Plaintiff Cheatham did not see Peyton Weddle until after contact was made.

30. Months later, on September 5, 2013 Defendant Sleesman testified that she did not know the elements constituting Assault on July 20, 2013.

31. At the hearing September 5, 2013 hearing, Defendant Sleesman agreed that Plaintiff Cheatham did not see who was behind her at the time she spun around.

32. On September 5, 2013 on cross-examination Defendant Sleesman was asked: "Officer, we can agree that my client didn't see this little girl, correct?" Answer: "Yes."

33. Defendant Sleesman was asked: "She didn't see her before she turned around and accidently struck her?" Answer: "Correct."

34. Defendant Sleesman wrote a report and intentionally omitted the fact that the contact was made accidently.

35. Defendant Sleesman wrote a report and intentionally omitted the fact that Plaintiff Cheatham never saw Peyton Weddle until after contact was made.

36. Defendant Harbin, testified on September 5, 2013 that he had the ability to review Kings Island security video and audio recording of the incident prior to charging Plaintiff Cheatham.

37. Defendant Harbin chose not to review the Kings Island security video and audio recording of the incident prior to charging Plaintiff Cheatham.

38. Kings Island security video and audio recording confirms that Plaintiff Cheatham did not see Peyton Weddle until after contact was made.

39. Kings Island security video and audio recording confirms that Plaintiff Cheatham lost her balance and fell forward after Peyton Weddle ran into her backside.

40. Kings Island security video and audio recording is consistent with the statements made by Plaintiff Cheatham, Pablo Rodriquez and Chris Hutchinson.

41. Kings Island security video is inconsistent with statements made by Defendant Sleesman and other named park officers.

### V. FIRST CAUSE OF ACTION: CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C.A. § 1983

42. Plaintiff realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in paragraphs 1 through 41 above.

43. This cause of action is brought pursuant to 42 U.S.C.A. § 1983 and the United States Constitution.

44. The Defendants have, under color of law, deprived Plaintiff of clearly established rights, privileges and immunities secured by the 4th and 14th Amendments to the United States Constitution of which a reasonable person would have known.  Plaintiff's rights include, but are not limited to, the right to be free from unlawful and unreasonable search and seizure, and the right to be free from unlawful detention and arrest by officers acting under the color of law.

45. As a result of Defendants' deliberate and intentional actions, Plaintiff Cheatham was forced to sit in jail without bond for two full days and nights.

46. Plaintiff was required to retain counsel to defend Defendants' false allegations, and prosecute this action.

47. Plaintiff requests payment by Defendants of reasonable for attorney's fees pursuant to 42 U.S.C.A. § 1988.

48. The mentioned acts of Defendants were willful, wanton, and malicious, thereby justifying the awarding of exemplary and punitive damages.

### VI. SECOND CAUSE OF ACTION: SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS

49. Plaintiff realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in paragraphs 1 through 48 above.

50. This cause of action is brought pursuant to 42 U.S.C.A. § 1983 for violations of Plaintiff's rights under the 4th and 14th Amendments of the U.S. Constitution.

51. Defendant Kings Island and Defendant Kings Island Park Police failed to adequately train, supervise, discipline, or control Defendant Officers in the exercise of their duties.

52. As a direct and proximate result of that breach of duty, Plaintiff suffered severe mental anguish, and emotional distress, and was deprived of rights guaranteed by the 4th and 14th Amendments to the United States Constitution.

53. Plaintiff has incurred damages for which Defendant Kings Island and Defendant Kings Island Park Police are liable for their breach of duty and violations of 42 U.S.C.A. § 1983.

54. Plaintiff requests payment by Defendants of reasonable for attorney's fees pursuant to 42 U.S.C.A. § 1988.

55. The acts of Defendant Kings Island, Defendant Kings Island Park Police, and Defendant Officers were willful, wanton, and malicious, thereby justifying the awarding of exemplary and punitive damages as to these individual defendants.

## VII. THIRD CAUSE OF ACTION: NEGLIGENCE

56. Plaintiff realleges and incorporates by reference, as though fully set forth here, each every allegation set forth in paragraphs 1 through 55.

57. Defendant Officers negligently and without due care, cause or provocation, caused Plaintiff to suffer unreasonable search and seizure, false imprisonment, and emotional distress.

58. At all times during their negligent conduct, Defendant Officers were acting within the course and scope of their employment with Defendants Kings Island and Kings Island Park Police.

59. As the direct and proximate cause of Defendants' negligence, Plaintiff suffered damages in an amount to be proved at the time of trial.

### VIII. FOURTH CAUSE OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT

60. Plaintiff realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in paragraphs 1 through 59 above.

61. Defendants' actions wrongfully deprived Plaintiff of her liberty in violation of Ohio law.

62. Plaintiff was detained, arrested and held against her will for an unreasonable period of time.

63. At all times during the false arrest and imprisonment of Plaintiff, Defendant Officers were acting within the course and scope of their employment with Defendant Kings Island and Defendant Kings Island Park Police.

64. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered monetary damages, psychological injuries and severe emotional distress.

65. Plaintiff is entitled to general and compensatory damages in amounts to be proved at trial. Plaintiff is also entitled to punitive damages against the individual Defendants because they acted maliciously, intentionally or with callous or reckless disregard for Plaintiff's rights.

### IX. FIFTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiff realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in paragraphs 1 through 65 above.

67. Defendants engaged in outrageous conduct towards Plaintiff, with the intention to cause, or with reckless disregard for the probability for causing, Plaintiff to suffer severe emotional distress.

68. At all relevant times, Defendant Officers were acting within the course and scope of their employment with Defendant Kings Island and Defendant Kings Island Park Police.

69. Plaintiff is entitled to general and compensatory damages in amounts to be proved at trial. Plaintiff is also entitled to punitive damages as to the individually named Defendants because they acted maliciously, intentionally or with callous or reckless disregard for Plaintiff's rights.

### X. SIXTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in paragraphs 1 through 69 above.

71. At all relevant times, Defendant Officers were acting within the course and scope of their employment with Defendant Kings Island and Defendant Kings Island Park Police.

72. Defendants engaged in outrageous conduct towards Plaintiff, with negligent and reckless disregard of the probability for causing Plaintiff to suffer severe emotional distress.

73. As a direct and proximate cause of Defendants' negligent conduct, Plaintiff has suffered psychological injuries and severe emotional distress.

## XI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Court to award her:

    A. Compensatory damages in an amount to be shown at trial.

    B. Punitive damages in an amount to be shown at trial;

    C. Reasonable attorney fees;

    D. Prejudgment interest;

    E. Costs incurred in this action;

    F. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

RITTGERS & RITTGERS

/s/ Charles M. Rittgers
Charles M. Rittgers
Attorney for Plaintiff
12 E. Warren Street
Lebanon, OH  45036
Phone:  (513) 932-2115
Fax:  (513) 934-2201
E-mail: rittgerscm@rittgers.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

/s/ Charles M. Rittgers
Charles M. Rittgers